## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 10-20102 |
| USA DRY VAN LOGISTICS, LLC,[1] *et al.*, | § | (Chapter 11) |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**AN EXPEDITED HEARING HAS BEEN REQUESTED FOR WEDNESDAY, FEBRUARY 3, 2010 AT 10:00 A.M. , CORPUS CHRISTI**

## EMERGENCY MOTION FOR
## APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER,
## TO RECONSTITUTE THE GOVERNING MEMBERS AND

---

[1] Golagale Holdings, L.L.C.; USA Logistics Carriers, L.L.C.; USA Log. Carriers, L.L.C.; USA Dry Van Logistics, L.L.C.; North American Trailer Rentals, L.L.C.; South Texas Petroleum, L.L.C.; and LA & G Investment Co, L.L.C.. The corporate address for all debtors is 3010 West military, McAllen, Texas 78503. Joint administration under the above style and case number has been ordered by the United States Bankruptcy Court on February 3, 2010. The use of the term "Debtor" shall refer to all debtors

## TO APPROVE THE APPOINTMENT OF TWO INDEPENDENT MEMBER-MANAGERS

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

U.S.A. Logistics Carriers, LLC, USA Log. Carriers, LLC and USA Dry Van Logistics, LLC, as debtors and debtors in possession, the Jointly Administered Debtors (the "Debtors") files this Emergency Motion (the "Motion") for Appointment of a Chief Restructuring Officer ("Chief Restructuring Officer" or "CRO"), To Reconstitute  members authorized to govern the Debtors (the "Governing Members") and To Approve The Appointment of Two Independent Member-Managers and modification, as needed of the LLC agreements, and in support thereof, respectfully represents:

## I.
## PRELIMINARY STATEMENT

1.      On February 1, 2010, Debtors filed these Chapter 11 cases which are now jointly administered.  This Motion will refer to all of the above-referenced Jointly Administered cases collectively as the "Reorganization Cases."

2.      The Debtors remain in possession of their property and are operating their business as Debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  An official committee of unsecured creditors has not been appointed in these jointly administered Reorganization Cases.  No trustee or examiner has been appointed in any of the Reorganization Cases and no motion is pending for that purpose.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C.§ 1334. This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court of the Southern District of Texas under 28 U.S.C. § 157. Consideration of this Motion is a core proceeding under 28 U.S.C.§ 157(b) and 11 U.S.C. § 105.

Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## II.
## FACTS RELEVANT TO THIS MOTION

### A.    The Chapter 11 Filing:

4.    These Reorganization Cases were precipitated by the Debtors' inability to meet their cash flow needs for payment of day-to-day expenses, arising from, among other things, the mismanagement of their overall operations.  Events shortly prior to the petition date resulting in not only the filing of these Reorganization Cases, but the filing of this Motion, include the discovery of serious financial and accounting discrepancies;  the retention of an independent CRO;  the analysis of the immediate shortfall of cash flow necessary to prevent the immediate liquidation of the Debtors, and the extensive negotiations with the Debtors' primary cash and equivalent secured lender to accomplish an agreement for DIP lending (evidenced by the separate motion, the terms of which are incorporated by reference here).  As discussed below, the Bankruptcy Court is empowered to enter its Orders prohibiting the Debtors' current governing member-managers from exercising any of the powers or rights of a debtor in possession, and instead vesting those powers and rights in such person or persons designated by this Court, pursuant to  11 U.S.C. §§ 105, 1107(a) and 1108.  As also discussed below, entry of such an Order is further justified pursuant to 11 U.S.C. §§ 105, 1104(c)(I), and 1106(b).  Those powers are embodied in the relief sought in this Motion.

5.    Debtors' business involves over-the-road freight dry hauling, launched in October 2000 with the intention of serving a fast growing maquillage industry along the border with Mexico.  It is based in McAllen, Texas to take advantage of a larger portion of cross-border traffic with Mexico.  The location of its base in McAllen is of strategic importance, sitting

3

approximately halfway between Laredo, Texas and Brownsville, Texas. The company was initially to start in refrigerator products but the market was so competitive they decided to focus on electronics and dry goods. The Debtors' operations began with two trucks and now operates a fleet of over 550 trucks and some 2,000 trailers.  Revenues in 2006 were over $77 million, and in the same year, the company was named the number one Hispanic trucking company in the Hispanic Business 500.

**B.    The Pre-Petition Secured Lending**

6.    Pursuant to the Transportation Accounts Financing and Security Agreement dated as of May 8, 2003 (as amended or otherwise modified from time to time, the "Prepetition Discretionary Financing Agreement"), currently between U.S.A. Logistics Carriers, LLC, as borrower and General Electric Capital Corporation, as lender (the "Prepetition Secured Lender" or "GECC"), the Prepetition Secured Lender agreed to extend demand loans, on a solely discretionary basis, to the Borrowers (the "Prepetition Secured Credit Facility").

7.    Pursuant to the Prepetition Discretionary Financing Agreement, each Borrower granted to the Prepetition Secured Lender, to secure the Prepetition Obligations, a security interest in and continuing lien (the "Prepetition Liens") on substantially all of such Debtor's assets and property and all proceeds, products, accessions, rents and profits thereof, in each case whether then owned or existing or thereafter acquired or arising (the "Collateral").  In addition to the Prepetition Obligations under the Prepetition Loan Documents, GECC and/or affiliates thereof may also have additional financing arrangements or secured financing arrangements with the Debtors, and the rights of GECC and/or its affiliates (including the right to adequate protection) with respect to such additional financing arrangements and secured financing arrangements are not addressed by this Motion.  As of the Petition Date, the Debtors believe that

the Prepetition Liens are valid, binding, enforceable, and perfected liens.

8.    As of the Petition Date, the Debtors were indebted to the Prepetition Secured Lender pursuant to the Prepetition Loan Documents, without defense, counterclaim or offset of any kind, in respect of loans made by the Prepetition Secured Lender in the aggregate principal amount of not less than $28,000,000.00, plus all accrued and unpaid interest thereon and any additional fees and expenses (including any attorneys', accountants', appraisers' and financial advisors' fees and expenses that are chargeable or reimbursable under the Prepetition Loan Documents) now or hereafter due under the Prepetition Loan Documents.

**C.    Substantial Overstatement of Accounts and Accounts Receivables:**

9.    On January 25, 2010, representatives of the Debtors informed the Prepetition Secured Lender of a substantial overstatement in Accounts and Eligible Accounts that had been previously reported to the Prepetition Secured Lender and against which the Prepetition Secured Lender had advanced loans, resulting in an immediate over advance under the Prepetition Loan Documents.

10.    Following this disclosure, and the resulting extended negotiations with the Debtors' Pre-Petition Secured Lender as the proposed Debtor-in-Possession lender, which stipulation is a condition precedent to the DIP lending, an agreement and Stipulation was reached providing for the appointment of Curt Friedberg as an independent Chief Restructuring Officer and Sam Horgan as Controller of, and on behalf of, each of the Debtors and further providing for the appointment of two independent Members, Robert C. Pate and Michael Allen to comprise the Debtors' three (3) member reconstituted Governing Members, and the implementation of controls and amendments to the Debtor's Limited Liability Company Agreement (the "LLC Agreement") so as to assure the independence of the Debtors' Independent Member-Managers

from interests of the Debtors' direct equity owners and direct or indirect parent company.   The Stipulation provided herein further sets compensation and provides indemnity and insurance (to the extent reasonably available) for the Independent Member-Managers and Mr. Friedberg, Mr. Horgan, and GGG, Inc. subject to Court approval as sought herein and as set out in separate application therefore.

11.     The LLC Agreements of these Debtors will be amended, from time to time, by written consent of these new Independent Member-Managers to implement the necessary and advisable changes required by the Stipulation.  The Board may also, from time to time, identify additional amendments to the LLC Agreement that are necessary and warranted, and which may be implemented in written form without approval from the Court upon notice to the Debtors, creditors and parties in interest.

12.     It is further stipulated and provided that the prior Member-Managers, as equity owners, may continue in the employment of the Debtors  for so long as the Governing Members agrees, and at the rate of compensation set by the Governing Members.

### III.
### STIPULATION AND REGARDING
### CORPORATE GOVERNANCE

13.     This Stipulation resolves the relief sought in this Emergency Motion for Appointment of a Chief Restructuring Officer and the Emergency Motion to Appoint Curt Friedberg as Chief Restructuring Officer, and Sam Horgan as Controller of, and on behalf of, each of the Debtors, and Robert C. Pate (herein "Pate" or "Independent Member-Manager") and Michael Allen (herein "Allen" or "Independent Member-Managers") [Pate and Allen are collectively the "Independent Member-Manager"] on behalf of each of the Debtors.

A.     **Appointment of Chief Restructuring Officer and of Independent Member-Manager**.

(i)     The Court appoints Curt Friedberg as Chief Restructuring Officer (pursuant to the terms and obligations of a separate application of the CFO) and Sam Horgan as Controller of, and on behalf of, each of the Debtors.

(ii)     The Court appoints Robert C. Pate and Michael Allen as the two additional Independent Member-Manager of these Debtors, to serve with one additional Member-Manager selected by existing equity Sergio Lagos and Aurelio "Jim" Aleman and approved by the Court (the "Governing Members"). The appointment of the Chief Restructuring Officer and Independent Member-Managers is effective immediately. The Independent Member-Managers shall serve through consummation of a plan of reorganization of the Debtors; Chapter 11 case, the conversion of Debtors' Chapter 11 case to a case under Chapter 7 or until their death, resignation or incapacity, or until further order of this Court.  In the interim, the Independent Member-Managers may be removed only by Court Order.

B.     **Replacement of Member-Manager**.  Should an Independent Member-Manager resign or otherwise be unable to serve, a replacement Independent Member-Manager shall be selected by a majority vote of the remaining members of the Member-Managers, subject to approval by the Bankruptcy Court. The Committee, if any, and the DIP Lender shall have an opportunity to interview such replacement Independent Member-Manager prior to any hearing. If a majority vote cannot be obtained, the Court shall appoint a replacement Independent Member-Manager.

C.     **Modification of the LLC Operating Agreement(s)**.  The Limited Liability Company Agreements of these LLC Debtors (the "Operating Agreements"), shall be

amended to reflect the Stipulation and the Court's order and, may not thereafter be changed by vote of equity without an order of the Court, so as to assure the independence of its Governing Members from interests of and among these Debtors and their Equity owners.  Such amendments shall include, but shall not be limited to, amendments to provide that:

      (i)     During Debtors' Chapter 11 case, the number of Member-Managers shall be three (3);

      (ii)     One of the two Independent Member-Managers shall be Chairman of the Governing Members, as selected by the Governing Members;

      (iii)     Two (2) Member-Managers shall constitute a quorum of Member-Managers and all meeting may be held telephonically;

      (iv)     The Governing Members may take any action provided for or permitted under the Operating Agreement or Texas law, upon the approval of two (2) Member-Managers;

      (v)     All meetings of the Governing Members of Debtors shall be held in Texas unless otherwise agreed by all members of the Governing Members;

      (vi)     Governing Members meetings may be held by telephone;

      (vii)     Governing Members meetings shall be called on not less than three (3) days' written notice unless (x) all Member-Managers consent, or (y) counsel to Debtors advises that the matters to be addressed are of such urgency to require less than three (3) days notice;

      (viii)     The Governing Members shall select a Chief Executive Officer who will be responsible for day to day operations of Debtors and who may also be the Chief Restructuring Officer.

In lieu of filing of amendments, the Court's order on this Motion shall serve as amendments if filed with the Secretary of State.

      **D.**    **Compensation of the Independent Member-Managers.**    The Independent Member-Managers shall each be paid an hourly rate for service in this position of $300.00 per hour, paid monthly for their service as a Member-Manager, commencing as of their election or appointment, with $5,000 paid promptly after the Court approval of this Stipulation, and the balance paid at the end of each month served thereafter.  All fees paid shall be subject to approval of the Court, and the Member-Managers shall reserve their respective rights, if any, to

seek additional compensation, enhanced fee, or other compensation, based upon results obtained or other recognized criteria.

      **E.**    **Indemnity of the Independent Member-Managers, the Chief Restructuring Officer and Controller**.  The two Independent Member-Managers and Chief Restructuring Officer shall be entitled to indemnification, as of the date of the entry of the Order by the Bankruptcy Court approving this Stipulation, to the full extent provided under Texas or Delaware law, and commencing from the date of their retention by the Debtors or Debtors in Possession, or the date of this Order, whichever first occurred.  .  The two Independent Member-Managers and Chief Restructuring Officer and Controller, along with GGG, Inc. shall have no liability to any party except for intentional acts taken for their personal benefit. Nothing herein shall modify the right to indemnification, or the obligations or liabilities to these Debtors that current and former member-managers have or had prior to Court approval of this Stipulation, nor waive or release any rights that any other creditor, person, or party in interest had or may have against any  former officer manager or owner.

      **F.**    **Independent Member-Managers and Chief Restructuring Officer and Controller Insurance**.  Debtors shall as promptly as practical, and in any case no later than March 15, 2010, seek to secure the Independent Member-Managers and the Chief Restructuring Officer and Controller insurance covering such risks as appropriate for a company of Debtors' size and circumstances as a debtors-in-possession under Chapter 11, and to the extent reasonably available.   To that end, and to the extent necessary, Debtors shall set aside in a segregated account, with the consent of the DIP Lender and the Committee, if any shall be formed, which shall not be unreasonably withheld, such amount as is reasonably necessary to pay any self-insured retention under the Independent Member-Managers and officers insurance.

**G.      Jurisdiction**.  All Member-Managers, the Chief Restructuring Officer and the Controller shall be subject to the jurisdiction of the Bankruptcy Court for all purposes and no actions may be brought by or against any Independent Member-Manager of either officer by any creditor or party in interest in any other court, with regard to the actions, conduct, or services, including compensation regarding these Independent Member-Managers or the two officers.

**H.      Chief Restructuring Officers as with duties of the Chief Executive Officer; Controller**.  Upon the entry of a Bankruptcy Court Order approving this Stipulation, Curt Friedberg ("Friedberg") shall, in addition to his other titles and duties, have duties of the Chief Executive Officer of Debtors.  As Chief Restructuring Officer Friedberg shall have responsibility for all day to day operations of Debtors and shall report to the reconstituted Governing Members.  Friedberg's salary shall be set in accordance with the hourly rates provided herein, and terms provided in the separate application of GGG, Inc.  GGG, Inc. shall also provide Controller, Sam Horgan who shall report to the Chief Restructuring Officer and the Governing Members.

**I.      Replacement of Friedberg's Chief Executive Officer Duties:**  If the Governing Members determines to replace Friedberg's duties as Chief Executive Officer with another Chief Executive Officer, with Friedberg's consent, Friedberg shall continue as Chief Restructuring Officer upon the election of his successor.  Friedberg shall have indemnification to the full extent provided under Texas law in his service as interim Chief Executive Officer.  If the Governing Members determines to replace the Chief Executive Officer without the agreement of Friedberg, only the Court shall authorize such replacement.

**J.      Binding Effect**.  This Stipulation and Order will be binding on Debtors and the other parties hereto and none of the provisions hereof may be modified or changed

without prior Order of this Court.  It is stipulated that nothing herein shall in any manner release, settle, compromise, or otherwise impair any claim any person, creditor or party in interest may have with respect to any action, conduct, or transaction of the Debtors or any of its members, employees, agents, representatives, or third parties, whether such claim is in rem or in personum.

### IV.
### ARGUMENTS AND AUTHORITIES REGARDING
### APPOINTMENT OF CHIEF RESTRUCTURING OFFICER,
### INDEPENDENT MEMBER-MANAGERS AND REGARDING THE
### MODIFICATION OF CORPORATE GOVERNANCE

14.    The Bankruptcy Code Authorizes the Bankruptcy Court to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'  11 U.S.C. § 105(a).  Further, it states that the rights and powers of a debtor in possession are subject 'to such limitations or conditions as the court prescribes.'  11 U.S.C. § 1107(a). The case law demonstrates that the court has considerable authority to interfere with the management of a debtor corporation in order to protect the creditors' interests." *In the Mattera/Gaslight Club Inc., et al.,* 782 F.2d 767,770 (1st Cir. 1986) (*citing In re Lifeguard Industries, Inc.*):

> Sections 105(a) and 1107(a) of the Bankruptcy Code provide adequate authority for the bankruptcy court to approve the replacement of the person designated to perform the duties and exercise the rights of the debtor in possession if the creditors' committee, the person presently in control and the majority and controlling shareholder of the debtor agree to this course of action. *Id.* 770.

The case law demonstrates that the court has considerable authority to interfere with the management of a debtor corporation in order to protect the creditors' interests.  *In re Commercial Mortg. and Finance, Co.,* 414 B.R. 389 (Bkrtcy. N.D.Ill., 2009)[these rights and powers of the debtor-in-possession are subject to "such limitations or condition as the court prescribes," 11 *U.S.C.* § 1107(a), particularly when the Court interferes with a debtor corporation's affairs to protect the creditors' interests, . . . *Id.* at 393].  In this case it is significant

that equity has agreed to this Stipulation and relief, and GECC has agreed to advance certain pre-petition relief and certain post-petition advances (only upon the terms provided in the application filed contemporaneous with this Motion) premised, in part, upon approval of this Motion.

15.     The powers referenced by the Seventh Circuit in *Gaslight* include, where appropriate, removing the debtor's  governing members-managers from authority. In *In re Lifeguard Indus., Inc., supra*, the court did just that, declining to permit the board and the controlling shareholder to install new management where evidence demonstrated that installation of such management was not in the best interest of creditors, and entering an order declaring that the board of directors could not "direct, undertake or in any way interfere with day-to-day operations of the corporation .... " 37 Bankr. at 18.

16.     Pursuant to Bankruptcy Code §§ 105(a), 1107(a), and 1108, the Court is empowered to tailor a remedy appropriate to protect the interests of Debtors' creditors, including vesting in Mr. Friedberg the power to perform the duties and exercise the rights of debtor in possession. *See Gaslight-Club*, 782 F.2 770 (affirming appointment of a responsible person to perform debtor's duties and exercise debtor's rights); *In re National Century Fin. Enterprises, Inc.* (Bankr. S.D. Ohio 2003) (holding that party appointed to perform debtor's duties and exercise debtor's rights need not be given a particular title, so long as mandate is clear); *In re FSC Corp.*, 38 B.R. 346 (Bankr. W.D. Pa, 1983) (appointing a responsible person to exercise powers of the debtor in possession where board members have resigned).

17.     The facts of this case clearly call for the stipulated removal of the current managers from control over the Debtors' post-petition operations.  The stipulation provided herein avoids the prior member managers' irreconcilable conflicts of interest of current equity, and when combined with the appointment of a CEO who will have the confidence of Debtors'

operating management and workforce, make vesting of all rights and powers of the Governing Members and Chief Executive Officer in Mr. Friedberg and the reconstituted Governing Members necessary and appropriate.

18.    Bankruptcy Code § 1104(c)(I) calls for appointment of an examiner where such appointment is in the best interest of creditors, and § 1106(b) permits the Court to direct such examiner to perform, "the duties specified in paragraphs (3) and (4) of subsection (a) of this section [06], and ... any other duties of the trustee that the court orders the debtor in possession not perform." Where the Bankruptcy Code references an "examiner," courts of the Fifth Circuit have approved appointment of examiners with expanded powers rather than Chief Restructuring Officers and other courts in other Circuits have granted parties selected to fill the role of the existing board of directors and senior management the title "Responsible Officer," and analogous titles, placing greater emphasis on the actual powers granted to the individual than on the title given. *See, e.g.* ***In re Communication Options, Inc.***, 299 B.R. 481 (Bankr. S.D. Ohio, 2003) (appointing Responsible Officer); ***In re FSC Corp.***, 38 RR. 346 (appointing "responsible party").

19.    Section 363(b)(I) of the Bankruptcy Code permits a debtor in possession, after notice and a hearing, to use, sell or lease property of the estate other than in the ordinary course of its business. In the exercise of its business judgment and as required under paragraph 3 of the Stipulation, the Debtors approve the authority of this Court to Order the amendments to the LLC Agreement. The Debtor believes that the amendment of the LLC Agreement is necessary and in the best interest of its estate.

20.    All of these amendments to the LLC Agreement, including the imposition of a reasonableness requirement to Member-Managers' reimbursable expenses, the addition of a requirement that the Governing Members affirmatively determine who will succeed the chief

executive officer in the event of a vacancy, and the requirement that the Secretary prepare an agenda for board meetings, will enhance the Member-Managers' ability to manage these Debtors in an efficient and cost-effective manner.

21.     The Stipulation, as mentioned above, provides for indemnification of Debtors' Chief Executive Officer, Controller, GGG, Inc. and the Independent Member-Managers.

22.     The jointly administered Debtors, based upon the agreed Stipulation with the DIP Lender, respectfully submits that, for the foregoing reasons, replacing the Debtors' pre-petition member-managers with Mr. Friedberg, as Chief Restructuring Officer, Sam Horgan as Controller, and Robert C. Pate and Michael Allen as Independent Member-Managers, is in the best interests of the Debtors' estates and their creditors. The requested relief is within the power of this Court, and should be granted.

WHEREFORE, the Debtors respectfully request that the Court enter an Order:

(i)     Appointing Curt Friedberg as Chief Restructuring Officer, to assume all rights and responsibilities of the Governing Members and Chief Executive Officer of Debtors, and Sam Horgan as Controller of, and on behalf of, each of the Debtors;   and

(ii)     Appointing  Robert C. Pate and Michael Allen as Independent Member-Managers in lieu of the current Governing Members.

(iii)     Ordering the Debtors' controlling owners, and the Debtors' pre-petition governing members, to cease all governance activities with respect to the Debtors and their assets, except as provided herein;

(iv)     Ordering such further relief, from time to time, as the Debtors or parties in interest may be entitled.

DATED this ____ day of February, 2010.

Respectfully submitted,

14

**LANGLEY & BANACK, INC.**
745 East Mulberry, Suite 900
San Antonio, Texas 78212
(210) 736-6600 [telephone]
(210) 735-6889 [facsimile]


By:_____
    R. GLEN AYERS, JR.
    State Bar No. 01467500
    DAVID S. GRAGG
    State Bar No. 08253300
    ALLEN M. DeBARD
    State Bar No. 24065132

    ATTORNEYS FOR THE DEBTORS.


## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of February, 2010, the above and foregoing document was served by the U.S. first class mail, postage prepaid on the parties listed on the Service List attached hereto.


_____
    R. GLEN AYERS, JR.

## EXHIBIT A

### LIMITED SERVICE LIST FOR
### USA DRY VAN LOGISTICS, L.L.C., *et al.*

**Debtors**
Golagale Investment Co., L.L.C.
LA & G Investment Co., L.L.C.
North American Trailer Rentals, L.L.C.
South Texas Petroleum, L.L.C.
USA Dry Van Logistics, L.L.C.
USA Log. Carriers, L.L.C.
USA Logistics Carriers, L.L.C.
3010 West Military
McAllen, Texas 78503

**Debtors' Attorney**
R. Glen Ayers, Esq.
David Gragg, Esq.
Allen M. DeBard, Esq.
Langley & Banack, Inc.
745 E. Mulberry, Suite 900
San Antonio, Texas 78216

**US Trustee**
Office of the US Trustee
Attn: Charles Sterbach
606 North Carancahua Street
Corpus Christi, Texas 78476

**Parties-in-Interest**
Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

US Attorney
910 Travis, Suite 1500
Houston, Texas 77002

**Secured Creditors and their counsel:**
General Electric Capital Corporation
Attn: Hannah L. Blumenstiel
800 Long Ridge Road
Stamford, CT 06927

General Electric Capital Corporation
Attn: Rob McNabb
201 Main Avenue
Norwalk, CT 06851

J. Douglass Bacon
Stephen R. Tetro II
Latham & Watkins
233 South Wacker Drive, Suite 5800
Chicago, Illinios 60606

Shelby A. Jordan
Peter Holzer
Jordan, Hyden, Womble, Culberth & Holzer, P.C
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas

**20 Largest Unsecured Creditors**

**Golagale Investment Co., LLC**
Aurelio Aleman
4405 S H ST
McAllen, TX 78503

Everhard & Company
Certified Public Accountants
PO Box 6137
McAllen, TX 78502-6137

George Gomez
2107 La Condesa
Edinburg, TX 78539

Sergio Lagos
2400 San Miguel
Mission, TX 78572

**LA & G Investments Co., L.L.C.**
Hidalgo County Tax Office
Hidalgo County Tax Assessor-Collector
PO Box 178
Edinburg, TX 78540

Art Salinas Engineering And Supplies
1524 Dove Ave
McAllen, TX 78504

Capital One
Attn: Commercial Loan Processing Dept.
P.O. Box 4649
Houston, TX 77210-4649

Lone Star National Bank
206 W. Ferguson
Pharr, TX 78577

**North American Trailer Rentals, L.L.C.**
Capital One Bank
509 S. Main
McAllen, TX 78501

GE Capital Solutions
PO Box 822108
Philadelphia, PA 19182-2108

Navistar Financial Corp
425 N Martingale Road Ste 1800
Schaumburg, IL 60173

Zions Credit Corporation
PO Box 26536
Salt Lake City, UT 84126-0536

**South Texas Petroleum, L.L.C.**
Argus Security Systems
314 Ash
McAllen, TX 78501

Armando Barrera Jr.
P.O. Box 178
Edinburg, TX 78540

Capital One
P.O. Box 650743
Dallas, TX 75265

CS Safety
P.O. Box 4527
McAllen, TX 78501

Department Of Public Safety
6200 Guadalupe Bldg. P
Austin, TX 78752-4019

## EXHIBIT A

### LIMITED SERVICE LIST FOR
### USA DRY VAN LOGISTICS, L.L.C., *et al.*

Digital Office System
4800 W. Expressway 83
McAllen, TX 78501

DM2 Software  Inc
7700 NE Greenwood
Dr.Ste.200
Vancouver, WA 98662

Everhard & Company
P.O. Box 6137 78502
Mcallen, TX 78502-6137

Fleetpride
P.O. Box 847118
Dallas, TX 75284-7118

FMA, INC.
P.O. Box 340021
Austin, TX 78734-0021

French-Ellison Truck Center
4300 N Cage Street
Pharr, TX 78577

GE Capital
P.O. Box 740425
Atlanta, GA 30374-0425

Hose Of South Texas
P.O. Box 9576
Corpus Christi, TX 78469

Marlin Leasing
P.O. Box 13604
Philadelphia, PA 19101

North American
Compliance Services
2390 Central Blvd. Ste, E
Brownsville, TX 78520

Paccar Financial
P.O. Box 676014
Dallas, TX 75267

People's Capital And Leasing
255 Bank Street
Waterbury, CT 06702

Premium Assignment
Corporation
P.O. Box 3100
Tallahassee, FL 32315

Sprint
P.O. Box 4181
Carol Stream, IL 60197-4181

World Fuels Services
1101 5th Ave. Ste. 280
San Rafael, CA 94901

### USA Dry Van Logistics, L.L.C.
VIPA

Fletes Pavi
Carr Autotonico Guadalajara

HG Transportaciones

Gonzalez Trucking

Transportes Etola, SA de CV
Carr Mexico Queretaro KM
34.5

R. S. Transfer, SA de CV

Transportadora Jema, SA de
CV
Carretera Mty Monclova KM
5.3

Transportes Villerral Berlang
Carr A Piedras Negras KM
9.7

Central De Fletes Monterrey
SA
KM 21.5 Carr Nuevo Laredo

TNL Express SA de CV
Carr Aeropuerto KM 1-A

Transportes Especial
Autorizada SA
Carr Nacional KM 14

Velotrans, SA de CV
Independencia No. 110

Grupo Camionera Regional

Autolineas MH, SA de CV
Carratera Laredo KM 26

Super Transporte
Internacional
Carr Piedras Negras KM 17

Auto Express Hercules, SA
de CV
Camino Escobedo-El
Carmen NO

Rocio Karina Gutierrez De
Hoyo
La Paz 220
McAllen, TX 78503

Carga Tamez, SA de CV
Chihuahua 4305
Nuevo Laredo, TM
Mexico

Transportes Americanos

Transportadora Egoba, SA
de CV

### USA Log. Carriers, L.L.C.
Capital One, NA
PO Box 650743
Dallas, TX 75265-0743

Comdata
PO Box 845738
Dallas, TX 75284-5738

Gallagher Bassett Services,
Inc.
8 Flowers Drive
Attn: Sally Mixell
Mechanicsburg, PA 17050

Cintas Corporation #538
700 Dawson Road
Mercedes, TX 78570

Southern Tire Mart
6875 Speedway Blvd., Suite
U-105
Las Vegas, NV 89115

Comcover Group, Inc.
2800 West State Road 84
Suite 116
Fort Lauderdale, FL 33312

## EXHIBIT A

## LIMITED SERVICE LIST FOR
## USA DRY VAN LOGISTICS, L.L.C., *et al.*

Skybiz, Inc.
22455 David Drive, Suite 100
Sterling, VA 20164

French Ellison Truck Center
PO Box 200187
San Antonio, TX 78220

Hollon Oil Company
1300 Davenport
Weslaco, TX 78596

TMW Systems, Inc.
c/o US Bank
PO Box 643562
Cincinnati, OH 45264-3562

Peoplenet
NW 5489
PO Box 1450
Minneapolis, MN 55485-5489

Button McCumber & Cortez,
LLP
PO Box 5238
Brownsville, TX 78523-5238

Securities Security Services
USA
12672 Collections Center
Chicago, IL 60693

Blackhawk Security &
Investigations
PO Box 1311
Mission, TX 78573-1311

National Interstate
3250 Interstate Drive
Richfield, OH 44286-9000

North American Compliance
820 W. Price Road
Brownsville, TX 78520

Jackson Walker LLP
PO Box 130989
Dallas, TX 75313-0989

The Center of Industrial
Rehabilitation
709 S. Broadway
McAllen, TX 78501

Michelin North America, Inc.
PO Box 100860
Atlanta, GA 30384-0860

**USA Logistics Carriers,**
**L.L.C.**
FCC Equipment Financing
Bank One
Lockbox 905010
906 Tyvola Rd., Suite 108
Charlotte, NC 28217

Peoples Capital and Leasing
255 Bank Street, 4th Floor
Waterbury, CT 06702

Marquette Equipment
Finance
6975 Union Park Center, Ste.
200
Midvale, UT 84047

GE Capital
PO Box 532617
Atlanta, GA 30353-2617

Bank of America Leasing &
Capital
KBROPH Mail Code IL 1-
231-07-28
231 South LaSalle Street
Chicago, IL 60604

CSI Leasing, Inc.
PO Box 775486
St. Louis, MO 63177-5485

Paccar Financial Corp.
PO Box 676014
Dallas, TX 75267-6014

Alter Moneta Corp.
50 Lakefront Blvd.
Buffalo, NY 14202

Capital One Equipment
Dept. 153
PO Box 4889
Houston, TX 77210-4869

Center Capital Corporation
PO Box 330
Hartford, CT 06141-0330

Regions Equipment Finance
Corp.
PO Box 11407
Birmingham, AL 35246-1090

Navistar Financial
PO Box 96070
Chicago, IL 60693-6070

# EXHIBIT "B"

# RESOLUTION OF ALL MEMBERS
## OF THE FOLLOWING LIMITED LIABILITY COMPANIES

Whereas Golagale Holdings, LLC ("Golagale") has two managing members, Sergio Lagos and Aurelio "Jim" Aleman;  and

Whereas Goagale is the sole managing member of:

- USA Dry Van Logistics, LLC and
- USA Logistic Carriers, LLC  and
- USA Log. Carriers, LLC

and

Whereas, North American Trailer Rentals, LLC has two managing members, Sergio Lagos and Aurelio "Jim" Aleman;  and

Whereas South Texas Petroleum, LLC with two managing members, Sergio Lagos and Aurelio "Jim" Aleman;  and

Whereas LA & G Investments, LLC has two managing members, Sergio Lagos and Aurelio "Jim" Aleman;  and

Whereas, LA & G Laredo Investments, LLC has two managing members, Sergio Lagos and Aurelio "Jim" Aleman and is owner of a truck lot 3 and 7 acres paved with a double-wide portable located in Laredo;  and

Whereas each of the Limited Liability Companies listed above (the "Limited Liability Companies") acting through the undersigned members and all owners of any interests therein hereby approve, affirm and stipulate to this resolution as the authorized act of each individual Limited Liability Company.

Therefore, after a full and complete discussion of the financial events and current circumstances of the Limited Liability Companies, and a complete and full discussion of the conduct of the management of the Limited Liability Companies, the following Resolutions were

Page 1

approve by unanimous vote of all members and owners of interests in the Limited Liability Companies:

RESOLVED that each of the Limited Liability Companies shall approve and appoint Curt Friedberg of GGG, Inc. as the Chief Restructuring Officer and Sam Horgan of GGG, Inc. as Controller of, and on behalf of, each of the Limited Liability Companies, with full authority to:

a.    act on behalf of the managing members of the Limited Liability Companies for the purpose of immediate causing of the filing of proceedings under 11 U.S.C. § 1101, et seq., ("Chapter 11 Reorganization") for each Limited Liability Company in the Southern District of Texas, Corpus Christi Division;  and

b.    act on behalf of the estates of these Limited Liability Companies resulting from the filing of the Chapter 11 Reorganizations in all respects;  and

c.    designate any persons to whom they may delegate whatever authority they deem necessary and appropriate to carry out any of the actions described herein (collectively herein with Curt Friedberg and Sam Horgan, "Designated Officers");  and

d.    execute, verify and cause to be filed the Petitions, including the schedules of assets and liabilities, the statements of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition; and

e.    execute, verify and cause to be filed requests for first-day and any ongoing relief from the bankruptcy court, which may include requests for any and all relief that the Designated Officers may deem necessary, proper, or desirable in connection with the Petition, with a view to the successful prosecution thereunder; and

f.    retain the law firm of Langley & Banack as attorneys for the Company under general retainer; and

g.    retain such other law firms as deemed may deem necessary, proper, or desirable;

and

h.      negotiate, execute and deliver, as deemed necessary, proper, or desirable (i) a debtor in possession loan facility (the "DIP Credit Facility"), with a borrowing limit not to initially exceed the principal amount of $28,773,140 as of January 29, 2010, *plus* all accrued or, subject to section 506(b) of the Bankruptcy Code, hereafter accruing and unpaid interest thereon and any additional fees and all and related expenses, on the terms the Designated Officers may deem necessary or appropriate for the consummation of the transactions contemplated thereby and (ii) in connection with the DIP Credit Facility, such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Designated Officers may deem necessary or appropriate to facilitate the execution and delivery of the DIP Credit Facility (collectively, the "Financing Documents"); and

i.      use the proceeds of the DIP Credit Facility  (i) to satisfy the obligations of the Company (ii) to pay for fees and expenses associated with the DIP Credit Facility, (iii) to continue the conduct of the affairs of the Company under chapter 11; and (iv) for general corporate purposes; and

j.      take such actions and execute, deliver and perform such agreements, certificates, instruments, notices and any and all other documents to provide any creditors of the Company with "adequate protection" under the Bankruptcy Code in connection with the financing transactions entered into by the Company as debtor and debtor in possession, the use of cash collateral and/or the DIP Credit Facility or otherwise, all as may be required by the Bankruptcy Court, including, without limitation, the granting of any liens on any property of the Company, the allowance of postpetition claims with administrative expense status, the execution of additional guaranties, mortgages, pledge agreements, security agreements, or other agreements, and/or the payment of funds whether representing adequate protection payments, principal and/or interest payments or other payments, to such junior creditors (collectively, the "Adequate

Protection Actions"), (b) any documents executed in connection with and in furtherance of the Adequate Protection Actions containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Designated Officers hereby are approved; and (c) the actions of the Designated Officers taken pursuant to this resolution, including the execution, delivery, and performance of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of the approval thereof by such officer and by the Company; and

      k.      take or cause to be taken any and all actions, to make or cause to be made all payments, including payments of expenses, retainers and filing fees, to make or cause to be made all federal, state and local governmental, administrative and regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction and to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper (including, without limitation, in connection with the DIP Credit Facility, the Financing Documents and the Adequate Protection Actions), in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, such other documents, agreements, certificates or instruments to be in substantially similar form and to contain substantially similar terms and conditions as in the Financing Documents, the execution and delivery thereof by such Designated Officer to be conclusive evidence of such approval.

      It is further RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of the Company by the Designated Officers prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved.

It is further RESOLVED that each of the Limited Liability Companies shall approve in all respects the stipulation substantially in the form attached hereto as Exhibit "A" (the "Stipulation") providing for the Court approved appointment of Curt Friedberg as the Chief Restructuring Officer and Sam Horgan as Controller of, and on behalf of, each of the Limited Liability Companies, and for the appointment of two independent persons as independent managers to serve as two of the three members of a reconstituted Board of Managers of each of the Limited Liability Companies, and providing for the management and governance amendments to the Limited Liability Companies' agreements to accomplish the Stipulation.

Dated February 2 , 2010.

Approved:

**Golagale Holdings, LLC ("Golagale")**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**USA Dry Van Logistics, LLC**
By Goagale as the sole managing member :

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**USA Logistic Carriers, LLC**
By Goagale as the sole managing member :

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member


**USA Log. Carriers, LLC**
By Goagale as the sole managing member :

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member


**North American Trailer Rentals, LLC**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member


**South Texas Petroleum, LLC**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member


**LA & G Investments, LLC**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

# EXHIBIT "A" STIPULATION
## TO THE RESOLUTION OF ALL MEMBERS OF
## THE REFERENCED LIMITED LIABILITY COMPANIES

This Stipulation is intended to be submitted in an Emergency Motion for Appointment of a Chief Restructuring Officer and the Emergency Motion to Appoint Curt Friedberg of GGG, Inc., as Chief Restructuring Officer, Sam Horgan of GGG, Inc. as Controller, and Robert Pate (herein "Pate" or "Independent Manager") and Michael Allen (herein "Allen" or "Independent Manager") [Pate and Allen collectively the "Independent Managers"] for approval by the United States Bankruptcy Court in the Chapter 11 Proceedings to be filed by these Limited Liability Companies.

**A.    Appointment of Chief Restructuring Officer, Controller, and Independent Managers**.   The Court appoints Curt Friedberg of GGG, Inc. as Chief Restructuring Officer, and Sam Horgan of GGG, Inc. as Controller (pursuant to the terms and obligations of a separate application for approval of terms and conditions of employment of CRO and Controller) and  Robert C. Pate and Michael Allen as the two additional Independent Managers of these Debtors, to serve with one additional Manager selected by Sergio Lagos and Aurelio "Jim" Aleman and approved by the Court.   The number of Managers of each of the Debtors is limited to three absent further order of the Court after notice and hearing.   The appointment of the Chief Restructuring Officer, Controller, and Independent Managers will be effective immediately. The Independent Managers shall serve during the Chapter 11 cases and through consummation of a plan of reorganization of the Debtors, until the conversion of Debtors' Chapter 11 case to a case under Chapter 7, or until their death, resignation or

incapacity, or until further order of this Court.  In the interim, the Independent Managers may be removed only by Court Order after notice and hearing.

    **B.**  **Replacement Managers.** Should an Independent Manager resign or otherwise be unable to serve, a replacement Independent Manager shall be selected by a majority vote of the remaining Managers, subject to approval by the Bankruptcy Court.  The Committee, if any, and the DIP Lender shall have an opportunity to interview such proposed replacement Independent Managers prior to any hearing.  If a majority vote cannot be obtained, the Court shall appoint a replacement Independent Manager.

    **C.**  **Modification of Operating Agreement(s).** The Limited Liability Company Agreements of all these LLC Debtors (the "Operating Agreements"), shall be amended to reflect this Stipulation and the Court's order and, may not thereafter be changed by without an order of the Court, so as to assure the independence of its Managers from interests of and among these Debtors and their members.  Such amendments shall include, but shall not be limited to, amendments to provide that:

    (i)  During Debtor's Chapter 11 case, the number of Managers shall be limited to three (3).

    (ii)  One of the two Independent Managers, as selected by the three Managers, shall Chair all meetings of the Board of Managers.

    (iii)  Two (2) Managers shall constitute a quorum of the Board of Managers.

    (iv)  The Board of Managers may take any action provided for or permitted under the Operating Agreement or Texas law, upon the approval of two (2) Managers at a dully called meeting of the Board.

(v)      All meetings of the Board of Managers of the Debtors shall be held in Texas unless otherwise agreed by all Managers.

(vi)     Meetings of the Board of Managers may be held by telephone.

(vii)    Meetings of the Board of Managers shall be called on not less than three (3) days' written notice unless (x) all Managers consent, or (y) counsel to Debtor advises that the matters to be addressed are of such urgency to require less than three (3) days notice.

(viii)   The Managers' shall provide direction as they see fit to Curt Friedberg, the Chief Restructuring Officer, who will be responsible for day to day operations of Debtors, and to Sam Horgan, the Controller, and to any of their Delegees.

D.      **Compensation of Managers.**  The Independent Managers shall each be paid an hourly rate for service in this position of $300.00 per hour, paid monthly for their service as a Manager, commencing as of their election or appointment, with $5,000 paid promptly after the Court approval of this Stipulation, and the balance paid at the end of each month served thereafter.  All fees paid shall be subject to approval of the Court, and the Managers shall reserve their respective rights, if any, to seek additional compensation, enhanced fee, or other compensation, based upon results obtained or other recognized criteria.

**Indemnity of the Independent Member-Managers, the Chief Restructuring Officer and Controller**.  The two Independent Member-Managers and Chief Restructuring Officer shall be entitled to indemnification, as of the date of the entry of the Order by the Bankruptcy Court approving this Stipulation, to the full extent provided under Texas or Delaware law.  The two Independent Member-Managers and Chief Restructuring Officer and Controller, along with GGG, Inc. shall have no liability to any party except for intentional acts

taken for their personal benefit. Nothing herein shall modify the right to indemnification, or the obligations or liabilities to these Debtors that current and former member-managers have or had prior to Court approval of this Stipulation, nor waive or release any rights that any other creditor, person, or party in interest had or may have against any former officer or managing director.

      **F.**    **Managers and Officers Insurance**.  Debtor shall as promptly as practical, and in any case no later than March 15, 2010, seek to secure Managers and officers insurance covering such risks as appropriate for a company of Debtor's size and circumstances as a debtor-in-possession under Chapter 11.  To that end, and to the extent necessary, Debtors shall set aside in a segregated account, with the consent of the DIP Lender and the Committee, if any, which shall not be unreasonably withheld, such amount as is necessary to pay any self-insured retention under the Managers and officers insurance.

      **G.**    **Jurisdiction**.  All Managers shall be subject to the jurisdiction of the Bankruptcy Court for all purposes and no actions may be brought by or against any Manager, creditor or party in interest in any other court, with regard to the actions, conduct, or services, including compensation regarding these Managers.

      **H.**    **Duties and Compensation of Chief Restructuring Officer and Controller**.  Upon the entry of a Bankruptcy Court Order approving this Stipulation, Curt Friedberg ("Friedberg") as Chief Restructuring Officer shall, in addition to his other titles and duties, have duties of the Chief Executive Officer of Debtors, and Sam Horgan shall have duties as Controller of Debtors.  As Chief Restructuring Officer Friedberg shall have responsibility for all day to day operations of Debtor and shall report to the reconstituted Board of Managers. As Controller Sam Horgan shall have whatever duties are delegated to him by Friedberg.

Friedberg's, Horgan's and GGG's compensation and other terms and conditions of employment shall be approved by the Court pursuant to  the separate application of GGG, Inc.

      **I.**      **Replacement of Friedberg's Chief Restructuring Officer Duties:**  If the Board determines to replace Friedberg's duties as Chief Restructuring Officer with another Chief Restructuring Officer, with Friedberg's consent, Friedberg shall continue as Chief Restructuring Officer until the election of his successor.  Friedberg shall have indemnification to the full extent provided under Texas law in his service as interim Chief Restructuring Officer.  If the Board of Managers determines to replace the Chief Restructuring Officer without the agreement of Friedberg, only the Court shall authorize such replacement.

      **J.**      **Binding Effect**.  This Stipulation and Order will be binding on Debtors and the other parties hereto and none of the provisions hereof may be modified or changed without prior Order of this Court.

AGREED AND STIPULATED:

**Golagale Holdings, LLC ("Golagale")**

_____
 Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**USA Dry Van Logistics, LLC**
By Goagale as the sole managing member :

_____
 Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**USA Logistic Carriers, LLC**
By Goagale as the sole managing member :

_____
 Sergio Lagos, member


_____
Aurelio "Jim" Aleman, member


**USA Log. Carriers, LLC**
By Goagale as the sole managing member :

_____
 Sergio Lagos, member


_____
Aurelio "Jim" Aleman, member


**North American Trailer Rentals, LLC**

_____
 Sergio Lagos, member


_____
Aurelio "Jim" Aleman, member


**South Texas Petroleum, LLC**

_____
 Sergio Lagos, member


_____
Aurelio "Jim" Aleman, member


**LA & G Investments, LLC**

_____
 Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

Controller Sam Horgan shall have whatever duties are delegated to him by Friedberg. Friedberg's, Horgan's and GGG's compensation and other terms and conditions of employment shall be approved by the Court pursuant to the separate application of GGG, Inc.

      **I.**        **Replacement of Friedberg's Chief Restructuring Officer Duties:** If the Board determines to replace Friedberg's duties as Chief Restructuring Officer with another Chief Restructuring Officer, with Friedberg's consent, Friedberg shall continue as Chief Restructuring Officer until the election of his successor. Friedberg shall have indemnification to the full extent provided under Texas law in his service as interim Chief Restructuring Officer. If the Board of Managers determines to replace the Chief Restructuring Officer without the agreement of Friedberg, only the Court shall authorize such replacement.

      **J.**        **Binding Effect.** This Stipulation and Order will be binding on Debtors and the other parties hereto and none of the provisions hereof may be modified or changed without prior Order of this Court.

AGREED AND STIPULATED:

**Golagale Holdings, LLC ("Golagale")**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**USA Dry Van Logistics, LLC**
By Goagale as the sole managing member :

_____
Sergio Lagos, member

_____

Aurelio "Jim" Aleman, member

**USA Logistic Carriers, LLC**
By Goagale as the sole managing member :

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**USA Log. Carriers, LLC**
By Goagale as the sole managing member :

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**North American Trailer Rentals, LLC**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**South Texas Petroleum, LLC**

_____
Sergio Lagos, member

_____
Aurelio "Jim" Aleman, member

**LA & G Investments, LLC**

_____

Sergio Lagos, member

Aurelio "Jim" Aleman, member