

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

ENTERED
02/03/2010

| | |
|---|---|
| IN RE: § § | |
| U.S.A. LOGISTICS CARRIERS, LLC, *et al.*,[1] § § | Case No. 10-20102 (Chapter 11) |
| DEBTORS. § § § | Jointly Administered |

## ORDER GRANTING
### AMENDED EMERGENCY MOTION [DOCKET # 15] FOR APPOINTMENT OF A CHIEF RESTRUCTURING OFFICER, TO RECONSTITUTE THE GOVERNING MANAGERS AND TO APPROVE THE APPOINTMENT OF TWO INDEPENDENT MANAGERS

On the Amended Motion of the U.S.A. Logistics Carriers, LLC, USA Log. Carriers, LLC and USA Dry Van Logistics, LLC, as debtors and debtors in possession, the Jointly Administered Debtors (the "Debtors") for Appointment of a Chief Restructuring Officer ("Chief Restructuring Officer" or "CRO"), To Reconstitute Management authorized to govern the Debtors (the "Governing Managers") and To Approve The Appointment of Two Independent Managers and modification, as needed, of the LLC agreements, and after consideration thereof, and it appearing that the Debtors and the owners of the equity and interests in the Debtors stipulate and consent to the relief requested, and the Court finds that it has jurisdiction to entertain the Amended Motion and to grant the relief requested, and that good cause exists for granting in all things the Amended Motion, and accordingly, it is

---

[1] Golagale Holdings, L.L.C.; USA Logistics Carriers, L.L.C.; USA Log. Carriers, L.L.C.; USA Dry Van Logistics, L.L.C.; North American Trailer Rentals, L.L.C.; South Texas Petroleum, L.L.C.; and LA & G Investment Co, L.L.C.. The corporate address for all debtors is 3010 West military, McAllen, Texas 78503. Joint administration under the above style and case number has been ordered by the United States Bankruptcy Court on February 3, 2010. The use of the term "Debtor" shall refer to all debtors

{L & B 12433/0002/L0407413.DOC}   Page 1

ORDERED that in connection with the Application of GGG, Inc., Curt Friedberg ("Friedberg") is hereby appointed as Chief Restructuring Officer of the Debtors, and Sam Horgan is hereby appointed as Controller, to assume all rights and responsibilities as Chief Executive Officer and Controller of the Debtors to the exclusion of any pre-petition member or manager; and it is further

ORDERED that Robert C. Pate and Michael Allen are hereby appointed as Independent Managers of the Debtors, in lieu of the current governing members or managers of the Debtors, to serve as two of the three Governing Managers of the Debtors; and it is further

ORDERED that the two Independent Managers shall serve along with one additional manager selected by existing equity Sergio Lagos and Aurelio "Jim" Aleman (the "Member-Manager") and, as approved by this Court (the "Governing Managers") so that the Independent Managers shall serve through consummation of a plan of reorganization of the Debtors Chapter 11 case, the conversion of Debtors' Chapter 11 case to a case under Chapter 7 or until their death, resignation or incapacity, or until further order of this Court; and in the interim, the Independent Managers may be removed only by Court Order; and it is further

ORDERED that the Debtors' equity owners and all pre-petition governing members shall cease all governance activities with respect to the Debtors and their assets and the Chapter 11 estates, except as provided herein; and it is further

ORDERED that should an Independent Manager resign or otherwise be unable to serve, a replacement Independent Manager shall be selected by a majority vote of the remaining members of the Governing Managers, subject to approval by the Bankruptcy Court; and that the Committee, if any, and the DIP Lender shall have an opportunity to interview such replacement Independent Manager prior to any hearing; and if a majority vote cannot be obtained, the Court

shall appoint a replacement Independent Manager upon further notice and hearing; and it is further

ORDERED that the Limited Liability Company Agreements of these LLC Debtors (the "Operating Agreements"), shall be amended to reflect this Order and, may not thereafter be changed by vote of members or equity without an order of the Court, so as to assure the independence of its Governing Managers from interests of and among these Debtors and their equity owners; and such amendments shall include, but may not be limited to, amendments to provide that:

(i) During Debtors' Chapter 11 case, the number of Governing Managers shall be three (3);
(ii) One of the two Independent Managers shall be Chairman of the Governing Managers, as selected by the Governing Managers;
(iii) Two (2) Managers shall constitute a quorum of Governing Managers and all meetings may be telephonic;
(iv) The Governing Managers' Meetings may take any action provided for or permitted under the Operating Agreement or Texas law, upon the approval of two (2) Governing Managers;
(v) All meetings of the Governing Managers of Debtors shall be held in Texas unless otherwise agreed by all members of the Governing Managers;
(vi) Governing Managers meetings may be held by telephone;
(vii) Governing Managers meetings shall be called on not less than two days' written notice unless (x) all Governing Managers consent, or (y) counsel to Debtors advises that the matters to be addressed are of such urgency to require less than three (3) days notice;
(viii) The Governing Managers shall select a Chief Executive Officer who will be responsible for day to day operations of Debtors and who may also be the Chief Restructuring Officer;

and in lieu of filing of amendments, the order on this Amended Motion shall serve as amendments if filed with the Secretary of State; and it is further

ORDERED that the Independent Managers shall each be paid an hourly rate for their actual time and service in this position at the rate of $300.00 per hour, paid monthly and commencing as of this appointment or their election, with $5,000 paid promptly after the Court

{L & B 12433/0002/L0407413.DOC}   Page 3

entry of this Order, and the balance paid at the end of each month served thereafter; and all fees paid shall be subject to approval of the Court on final application, and the Independent Managers shall reserve their respective rights, if any, to seek additional compensation, enhanced fee, or other compensation, based upon results obtained or other recognized criteria; and it is further

ORDERED that the two Independent Managers and Chief Restructuring Officer and Controller, along with GGG, Inc., shall be entitled to indemnification, to the full extent provided under Texas or Delaware law, and commencing from the date of their retention by the Debtors or Debtors in Possession, or the date of this Order, whichever first occurred; and it is further

ORDERED that the two Independent Managers and Chief Restructuring Officer and Controller, along with GGG, Inc., shall have no liability to any party except for intentional acts [or gross negligence] taken for their personal benefit, provided, however, nothing herein shall modify the right to indemnification, or the obligations or liabilities to these Debtors or third parties that any current or former member or managers may have or may have had prior to the entry of this Order, nor waive or release any rights that any other creditor, person, or party in interest had or may have against any former employee, officer manager, or owner; and it is further

ORDERED that Debtors shall as promptly as practical, and in any case no later than March 15, 2010, seek to secure the Independent Managers and the Chief Restructuring Officer and Controller insurance covering such risks as appropriate for a company of Debtors' size and circumstances as a debtors-in-possession under Chapter 11, and to the extent reasonably available; to that end, and to the extent necessary, Debtors shall set aside in a segregated account, with the consent of the DIP Lender and the Committee, if any shall be formed, which shall not be unreasonably withheld, such amount as is reasonably necessary to pay any self-insured retention under the Independent Managers and officers insurance; and it is further

ORDERED that all Governing Managers, the Chief Restructuring Officer, the Controller, and GGG, Inc. shall be subject to the jurisdiction of the Bankruptcy Court for all purposes and no actions may be brought by or against any Independent Manager of either officer by any creditor or party in interest in any other court, with regard to the actions, conduct, or services, including compensation regarding these Independent Managers or the two officers; and it is further

ORDERED that upon the entry of this Order Friedberg shall, in addition to his other titles and duties, have duties of the Chief Executive Officer of Debtors; as Chief Restructuring Officer Friedberg shall have responsibility for all day to day operations of Debtors and shall report to the reconstituted Governing Members; Friedberg's salary shall be set in accordance with the hourly rates provided herein, and terms provided in the separate application of GGG, Inc.; and further GGG, Inc. shall also provide the Controller Sam Horgan who shall report to the Chief Restructuring Officer and the Governing Managers; and it is further

ORDERED that if the Governing Managers determines to replace Friedberg's duties as Chief Executive Officer with another Chief Executive Officer, with Friedberg's consent, Friedberg shall continue as Chief Restructuring Officer until the election of his successor, with approval of the Court; Friedberg shall have indemnification to the full extent provided under Texas law in his service as interim Chief Executive Officer; and if the Governing Managers determines to replace the Chief Executive Officer without the agreement of Friedberg, only the Court shall authorize such replacement upon notice and hearing; and it is further

ORDERED that this Order will be binding on Debtors and the other creditors and parties in interest and none of the provisions hereof may be modified or changed without prior Order of this Court except as otherwise provided herein; and nothing herein shall in any manner release,

{L & B 12433/0002/L0407413.DOC}       Page 5

settle, compromise, or otherwise impair any claim any person, creditor or party in interest may have with respect to any action, conduct, or transaction of the Debtors or any of its members, employees, agents, representatives, or third parties, whether such claim is *in rem* or *in personum*.

Dated: February 3, 2010

Hon. Richard Schmidt, United States Bankruptcy Judge